**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 4:25-mc-01122 |

## DECLARATION OF NIGEL TAIT

Pursuant to 28 U.S.C. § 1746, I, Nigel Tait, declare as follows:

1. I am the Managing Partner of Carter-Ruck and a solicitor in the Senior Courts of England and Wales. My firm represents Petitioner Ovik Mkrtchyan in England. We currently represent Mr. Mkrtchyan in two proceedings initiated in England on April 22, 2025: (1) libel proceedings against 2Trom Media Group and Viktor Tokarev; (2) libel proceedings against Radha Stirling. Both matters are pending before the King's Bench Division of the High Court of England and Wales (Media and Communications List), a tribunal of first instance that hears evidence, including evidence from abroad, and adjudicates claims.

2. I submit this declaration in support of Petitioner Ovik Mkrtchyan's Application for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Application"). I make this declaration based on my personal knowledge except where otherwise indicated.

3. As explained below, the Application seeks discovery under Section 1782 for the use in Mr. Mkrtchyan's two pending English proceedings, as well as contemplated proceedings involving an alleged conspiracy to injure Mr. Mkrtchyan by unlawful means.

1

4. Both his existing and contemplated claims are expected to be based in part on any supporting evidence of a broader coordinated disinformation campaign and unlawful means conspiracy that is gathered as part of this Application.

## I. Qualifications

5. I am the Managing Partner and Head of Media Law at Carter-Ruck. I have been licensed to practice law in England and Wales since 1988.

6. I trained and qualified at Carter-Ruck since joining the firm in 1986 when it was called Peter Carter-Ruck and Partners. I have been the Managing Partner and Head of Media Law at the firm for over ten years, specializing in reputation, media, privacy and commercial litigation.

7. My practice encompasses media, privacy and commercial disputes involving acting for claimants and defendants in matters involving libel, privacy and data protection disputes and I have also acted for clients in commercial litigation, including breach of contract, and professional negligence.

## II. Pending and Contemplated Proceedings in England

8. On April 22, 2025, this firm filed the claim forms on behalf of Mr. Mkrtchyan in two civil actions for libel. Mr. Mkrtchyan is the claimant in both sets of proceedings.

9. The first proceeding (the "London Post Proceeding") relates to the publication of an article on the website "The London Post" entitled "Corruption Networks of Uzbekistan: From Washington to Tashkent" on 19 October 2024. The Article remains accessible at the following URL: https://london-post.co.uk/corruption-networks-of-uzbekistan-from-washington-to-tashkent. The London Post is an online content hosting platform. The defendants in this proceeding are 2Trom Media Group and Viktor Tokarev of Moscow Media Group. On information and belief, those entities own The London Post, and 2Trom Media Group is primarily owned by Tokarev.

2

The claim seeks damages, including aggravated damages and exemplary damages, injunctive relief, and other statutory remedies for libel arising from the publication of the London Post Article.

10. The second proceeding (the "Radha Stirling Proceeding") relates to the publication of an article by the defendant on her website "Radha Stirling", and on a series of other websites and social media platforms owned and/or operated by her, entitled "US Lobbyists used in plot to destabilise US relations with Uzbekistan and steal Central Asia's largest cement holding" on 18 January 2025. The Article was first published at the following URL: https://www.radhastirling.com/single-post/uslobbyists-used-in-plot-to-destabilise-us-relations-with-uzbekistan-and-stealcentral-asia-s-large. The defendant in this proceeding is Radha Stirling, a public relations consultant who, on information and belief, is based outside the U.S. The claim seeks damages, including aggravated damages, injunctive relief, and other statutory remedies for libel arising from the publication of the aforementioned content.

11. A true and correct copy of the claim form initiating the claim in the London Post Proceeding is attached as **Exhibit 1**.

12. A true and correct copy of the claim form initiating the claim in the Radha Stirling Proceeding is attached as **Exhibit 2**.

13. A statement of particulars regarding the claims was served in the Radha Stirling Proceeding on 6 June 2025 and a true and correct copy is attached as **Exhibit 3**. A statement of particulars regarding the claims was served in the London Post Proceeding on 12 June 2025, and a true and correct copy is attached as **Exhibit 4**.

14. My firm is also currently representing Mr. Mkrtchyan in connection with contemplated additional proceedings in England for civil claims including, without limitation,

unlawful means conspiracy, and libel by additional defendants who caused the publications in the London Post Proceeding and the Radha Stirling Proceeding to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign. These contemplated proceedings, if filed, could also be before the English High Court, depending on whether they are subject to the jurisdiction of the Court.

### III.  The Discovery Sought by the Application

15. In my capacity as solicitor for Mr. Mkrtchyan in connection with the pending and contemplated English proceedings, I consider that the discovery sought from Respondents is relevant to these proceedings, as explained in more detail below.

16. Mr. Mkrtchyan asserts, and we intend to ask the English courts to conclude, that following his wrongful detention in early 2024 and since at least mid-2024, Mr. Mkrtchyan has been the target of a coordinated disinformation campaign carried out against him and his family members and business associates, escalating from August 2024 onwards ("the Campaign").

17. As part of this, Mr. Mkrtchyan asserts that individuals and entities with a connection to the Campaign include: 2Trom Media Group and Viktor Tokarev, owners of The London Post (defendants in the pending English proceedings); Radha Stirling (defendant in the pending English proceedings); Ulugbek Shadmanov (apparent client of Stirling), his company United Cement Group, and their other agents; and Respondent Stephen Payne, acting himself and through his affiliated companies.

18. Mr. Mkrtchyan seeks to redress the harm caused by the Campaign in both pending and contemplated proceedings in England. He has filed civil libel claims against two participants—the owners of The London Post and Radha Stirling—and we anticipate pursuing additional claims, including claims for libel and conspiracy to injure by unlawful means, against

defendants subject to jurisdiction in England, and/or including additional defendants in the pending proceedings. In both of the pending proceedings in England, Mr. Mkrtchyan argues in support of his claim for aggravated damages that the respective defendants did not publish the offending statements as part of an exercise in legitimate and responsible journalism (and/or, in Radha Stirling's case, an exercise in disinterested policy activism); i.e. his case is that others, including individuals whom he cannot presently identify, participated in and/or were responsible for the publication of those statements as part of the Campaign.

19. Both his existing and contemplated claims will be based in part on any supporting evidence of a broader coordinated disinformation campaign and unlawful means conspiracy that is gathered as part of this Application. Based on my review of the discovery requests that Mr. Mkrtchyan intends to make if his Application is granted, the discovery that he seeks is for use in his pending and contemplated claims.

20. Respondents Payne and affiliated entities—Linden Strategies, LLC; Linden Energy, LLC; Linden Energy Holdings, Inc.; and American LNG Services, LLC—are not parties to the English proceedings, and there are significant jurisdictional obstacles to bringing claims in England against defendants domiciled outside England in the United States, particularly in actions for libel.

21. Mr. Mkrtchyan has no way to obtain this information from Respondents for use in the English courts other than through the 1782 assistance of the U.S. court.

22. Nor could Mr. Mkrtchyan compel the production of the requested information through the disclosure (discovery) available in the English proceedings, given that Respondents are not parties to these proceedings and the requested information goes beyond any material which

might likely be the subject of disclosure obligations on the part of the defendants in the London Post Proceeding and the Stirling Proceeding.

### IV. English Courts Accept Evidence Obtained Through Section 1782 Proceedings in U.S. Courts

23. Courts in England are generally receptive to information obtained through Section 1782 requests. See, for example, *Nigeria v Process and Industrial Developments Ltd* [2020] EWHC 2379 (Comm) where the Court granted an extension of time to the Federal Republic of Nigeria to challenge an arbitration award on grounds of fraud, referring in the course of its decision to the fact that evidence obtained through a Section 1782 Request made in the U.S. District Court for the Southern District of New York gave rise to a *prima facie* case in this regard. Accepting such assistance is consistent with English law regarding libel and unlawful means conspiracy, which seeks to provide an avenue for redress for injured claimants. I am unaware of any directive given by the courts of England and Wales indicating that they would not be receptive to the judicial assistance requested in the Application.

24. The Application is also consistent with English law or public policy. For example, it does not seek any information protected by a privilege such as legal advice privilege.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 13, 2025.

_____
Nigel Tait

6