AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

In re Application of Ovik Mkrtchyan for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings )

| | |
|---|---|
| Plaintiff | ) |
| v. | )     Civil Action No. |
| | ) |
| | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Stephen P. Payne

*(Name of person to whom this subpoena is directed)*

✔  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    all documents set forth within Attachment to Subpoena to Produce Documents, Information, or Objects.

| Place: Arnold & Porter Kaye Scholer LLP<br>700 Louisiana St., Suite 4000<br>Houston, TX, 77002-2755 | Date and Time: [To be completed after application granted] |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  [To be completed after application granted]

| *CLERK OF COURT* | OR | */s/ Ryan P. Hartman* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Petitioner

Ovik Mkrtchyan         , who issues or requests this subpoena, are:
Ryan Hartman (ryan.hartman@arnoldporter.com),700 Louisiana St., Ste. 4000, Houston, TX 77002-2755; 713-576-2400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00 .

    I declare under penalty of perjury that this information is true.

Date: _____

                                       _____
*Server's signature*

                                       _____
*Printed name and title*

                                       _____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage.

2.      "You" and "Your" mean Stephen P. Payne; any company owned or controlled by Stephen P. Payne; Linden Strategies, LLC; Linden Energy, LLC; Linden Energy Holdings, Inc.; and American LNG Services, LLC; and any present or former officers, directors, agents, employees, representatives, subsidiaries, or affiliates of any of the foregoing.

3.      "Person" means any natural person or entity, including any association, committee, community group, company, trust, firm, partnership, joint venture, corporation, agency, department, bureau, board, state, local or federal government and subdivisions, or any other legal or business entity.

4.      "Petitioner" means Ovik Mkrtchyan, any present or former agents or representatives of Mkrtchyan, and any other Persons acting or purporting to act on Mkrtchyan's behalf.

5.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes, without limitation, all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, voice-notes, videos, meeting. minutes, board resolutions, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements or other promotional materials, audited and unaudited financial statements, trade letters, trade publications, letters, newspapers or newsletters, diagrams, photographs, e-mail, electronic/cellular messaging, text messages, messages sent by an electronic messaging service (*e.g.*, Slack, WhatsApp, Signal, Telegram, etc.), electronic or mechanical records, telegrams, telecopies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries of or records of interviews conducted by investigators, summaries or reports of investigations or negotiations, opinions or reports of consultants, any marginal comments appearing on any document, audiotapes, videos, videotapes and all other receptacles or repositories housing or containing such Documents, and all other media used to record, in any form, information. "Document" expressly includes all electronic data stored on any electronic media. A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a Person, whether oral, electronic, or written, in the form of a Document, or

otherwise, including, but not limited to, emails and text messages, and any Document recording or reflecting such a Communication (call logs, etc.).

7.    "Relate to," "related to," or "relating to" mean, in addition to its ordinary meanings: in relation to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, supporting, contradicting, pertaining to, involving, describing, constituting, containing, embodying, reflecting, memorializing, identifying, stating, evidencing, dealing with, summarizing, explaining, or having any logical or factual connection with the matter identified, in whole or in part.

8.    "Relevant Time Period" means the period from September 1, 2023, forward, and shall include Documents and information that refer or relate to such a period, even though prepared or published outside the Relevant Time Period.

## INSTRUCTIONS

1.    References to the singular shall include the plural and references to the plural shall include the singular, as the context requires.

2.    The words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

3.    Documents shall be produced for the Relevant Time Period, unless a request specifies another time period.

4.    In no instance shall the term "including" be construed to limit the scope of any request.

5.    In responding to the following document requests (the "Requests"), You shall provide all responsive Documents in Your possession, custody, or control, including information in the possession, custody, or control of Your present or former agents, representatives, external consultants, and attorneys. If a Document responsive to any of the Requests is no longer in Your possession, custody, or control, state what disposition was made of the Document and the date of such disposition, and Identify all Persons having knowledge of the Document's contents.

6.    Produce Documents as they are kept in the usual course of business.

7.    Produce entire Documents, without redaction, including all transmittal sheets, cover letters, exhibits, attachments, appendices, or enclosures. When a Document is only in part responsive to any request herein, it shall nevertheless be produced in its entirety. If Documents that are produced are normally kept in a file or other folder, that file or folder must also be produced.

8.    If any Document responsive to any of these Requests is withheld or redacted based on a claim of privilege, work-product protection, or other immunity from disclosure, furnish a log identifying any such Document together with the following information: (i) the type of Document; (ii) a description of the general subject matter of the Document in a manner sufficient to support the claim of privilege, immunity, or work-product protection; (iii) the date of the Document; (iv) the Person(s) in receipt of the Document or, for oral communications, the Person(s) present during

the communication; (v) the Person(s) who authored or created the Document or, for oral communications, the Person(s) who made the communication; (vi) the Person(s) to whom such Document was addressed or directed, or for oral communications, was made; (vii) where not apparent from the Document, the relationship of the author, addressees, recipients, or for oral communications, those present to the Person making the oral communication; (viii) the nature of the privilege, immunity, or work-product doctrine claimed and the specific reason why the Document is not being produced; and (ix) the same information referenced in (i) through (viii) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production.

9.    If it is not possible to produce any Document called for by a particular request, state specifically the reasons for the failure to produce the Document. If You object to any portion of a request, state with specificity all grounds for the objection and produce all Documents responsive to the non-objectionable scope of the request.

10.    If a Document responsive to any of the Requests has been destroyed, identify the Document, and provide the date of such destruction and the name of the person(s) who destroyed the Document and/or ordered or authorized such destruction.

11.    Petitioner requests that, to the extent possible, all electronic documents be produced in their native format and/or as TIFs and include metadata. If data is converted to TIFs from native format, Petitioner requests that You retain all metadata—including, but not limited to, the date of the Documents, the author of the Documents, the recipients of the Documents, and the type or format of the Documents—in a usable load file.

12.    This Subpoena is continuing for so long as it remains in force and effect, and to the extent that You subsequently acquire Documents that would supplement Your responses to this request, Petitioner requests that You timely serve supplemental responses pertaining to this Subpoena and produce such Documents.

## DOCUMENTS REQUESTED

Pursuant to Fed. R. Civ. P. 26, 34, and 45, and in accordance with the Definitions and Instructions set forth above, Petitioner hereby requests that You produce the following Documents and Communications in Your possession, custody or control, in accordance with the requirements of this Subpoena:

1.    All Documents and Communications exchanged with, or relating to, *The London Post*, 2Trom Media Group, Viktor Tokarev, Moscow Media Group, Radha Sterling, IPEX (Interpol and Extradition) Reform, Detained in Dubai, Due Process International, or any officers, directors, employees, or agents of those organizations or individuals.

2.    All Documents and Communications that refer to or relate to Petitioner.

3.    All Documents and Communications that relate to any news articles, blog posts, online content, letters, investigation summaries, or reports regarding Petitioner.

4.    All Documents and Communications exchanged with, or relating to: Ulugbek Shadmanov; United Cement Group or its affiliates or subsidiaries; or the officers, directors,

agents, employees, attorneys, or representatives of the foregoing, including but not limited to Stephen Akard or his firm.

5.   All Documents and Communications relating to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes.

6.   All Documents and Communications reflecting any monetary or other compensation offered to, promised to, or received by You for activities that relate to Petitioner.

7.   All Documents and Communications relating to any letter You sent in 2024 or 2025 regarding Petitioner.