# Exhibit 5

# Arnold & Porter

Ryan Hartman, Partner
+1 713.576.2438 Direct
Ryan.Hartman@arnoldporter.com

July 23, 2025

**VIA E-MAIL**

Mr. Stephen Payne, individually and on behalf of
Linden Energy Holdings, Inc., Linden Energy, LLC,
Linden Strategies, LLC &
American LNG Services, LLC
6806 Country Lane
Richmond, TX. 77406
spayne@lindenstrategies.com

      Re:    No. 4:25-mc-01122, *In re Mkrtchyan*, in the United States District Court for the Southern District of Texas

Dear Mr. Payne:

I write in response to your July 22 email regarding our subpoenas. Your document production under the subpoenas is now overdue. Please provide all responsive documents by no later than July 28. Responses to specific items you raised are below.

    **A.**    **Scope of Responses and Document Search**

In response to multiple requests, you note that "you" do not have responsive documents.

First, the subpoenas are addressed to you and your companies, including Linden Strategies, LLC, Linden Energy, LLC, Linden Energy Holdings, Inc., and American LNG Services, LLC (the "Companies"). In addition, consistent with the Federal Rules of Civil Procedure, the subpoenas call for production of documents in your possession, custody, or control, and in the possession, custody, or control of your Companies. This specifically includes, but is not limited to, documents (as broadly defined in the subpoenas) held by your or the Companies' officers, directors, agents, employees, representatives, subsidiaries, or affiliates. For example, documents held in the Companies' email accounts, electronic storage systems, or devices (e.g., mobile phones), or by any entities or individuals that work on behalf of you or your Companies, such as Logan Somera, would be within the scope of the subpoenas. *See* Definition No. 2 to the subpoenas. It is insufficient to respond merely "to the best of [your] ability and memory;" rather, you and the Companies are required to search affirmatively for all responsive documents, including any held by those who act on behalf of you or your Companies.

**Arnold & Porter**

July 23, 2025
Page 2

With respect to every request below, please confirm what affirmative efforts have been undertaken, and by whom, to identify responsive documents, including any custodians and data sources searched, search terms used, and time periods used. This information is necessary given your implausible, incorrect, and incomplete assertions about a lack of responsive documents.

B. **Specific Requests**

**Request No. 1**: **All Documents and Communications exchanged with, or relating to, The London Post, 2Trom Media Group, Viktor Tokarev, Moscow Media Group, Radha Sterling, IPEX (Interpol and Extradition) Reform, Detained in Dubai, Due Process International, or any officers, directors, employees, or agents of those organizations or individuals.**

In response, you state that you do not have responsive documents to the best of your "ability and memory." As explained above, the subpoenas require a broader, affirmative search.

Please confirm what affirmative efforts have been undertaken, and by whom, to identify responsive documents, including the details of any searches conducted as requested above. Please also produce all responsive documents and communications, whether held by you or any other persons or entities within the scope of the subpoenas.

**Request No. 2**: **All Documents and Communications that refer to or relate to Petitioner.**

In response, you note that you have known Mr. Mkrtchyan for many years and thus cannot produce all responsive documents and communications.

As an initial matter, your assertion is untimely. Under Federal Rule of Civil Procedure 45, the deadline for any objections was July 3. Because you failed to raise them, any objections you raise now (or intend to raise in the future) have been waived, and Mr. Mkrtchyan reserves all rights in this regard.

Leaving this aside, the subpoenas only call for the production of documents within a limited time period of September 1, 2023, forward, rather than throughout the entirety of the period in which you have known Mr. Mkrtchyan. This limited time period is sufficient to narrow your search substantially.

To be clear given your response, this is not merely a request for communications *with* Mr. Mkrtchyan. It is a request for all documents and communications *with anyone* that refer to him or relate to him. For example, documents and communications exchanged

# Arnold & Porter

July 23, 2025
Page 3

between you and any individuals in your Companies, among individuals working on behalf of you or your Companies, or with any other persons or entities, such as purported journalists or other individuals or entities within or outside the U.S., would fall within the scope of this request if they in any way refer to Mr. Mkrtchyan or relate to him.

Please produce all responsive documents and communications, whether held by you or any other persons or entities within the scope of the subpoenas.

**Request No. 3:  All Documents and Communications that relate to any news articles, blog posts, online content, letters, investigation summaries, or reports regarding Petitioner.**

In response, you state that you communicated with Thomas Rowley about Mr. Mkrtchyan, but you do not produce any communications with Mr. Rowley.

Please produce these communications and any other documents and communications responsive to this request, such as your communications regarding other articles, blog posts, online content, letters, investigation summaries, or reports regarding Mr. Mkrtchyan, whether held by you or any other persons or entities within the scope of the subpoenas.

**Request No. 4:  All Documents and Communications exchanged with, or relating to: Ulugbek Shadmanov; United Cement Group or its affiliates or subsidiaries; or the officers, directors, agents, employees, attorneys, or representatives of the foregoing, including but not limited to Stephen Akard or his firm.**

In response, you state that you have not personally communicated with these entities and companies.  As noted above, the subpoenas are broader and cover all responsive documents and communications, whether held by you or any other persons or entities within the scope of the subpoenas, including but not limited to Logan Somera and others who work on behalf of you or the Companies.

**Request No. 5:  All Documents and Communications relating to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes.**

In response, you do not address whether you have responsive documents, but rather claim to have "played a bigger role in Petitioner's release than any other party involved in the release," thus suggesting that you have many documents on this topic.

# Arnold & Porter

**Arnold & Porter**

July 23, 2025
Page 4

Please produce all documents and communications responsive to this request, whether held by you or any other persons or entities within the scope of the subpoenas as noted above. This specifically includes, but is not limited to, any subsequent effort by anyone after Mr. Mkrtchyan's initial detention to have him detained again or charged with any alleged wrongdoing.

**Request No. 6**: **All Documents and Communications reflecting any monetary or other compensation offered to, promised to, or received by You for activities that relate to Petitioner.**

In response, you attach one document that you claim is responsive.

Given that you have "known the Petitioner for many years" and that the scope of the subpoenas is from September 1, 2023, forward, your response suggests that you have other documents responsive to this request.

Moreover, this request includes all documents and communications relating to amounts that you, your Companies, or anyone on your or your Companies' behalf was offered, promised, or paid in connection with the undated letter about Mr. Mkrtchyan that you sent to President Shavkat Mirziyoyev in 2024 titled "AMENDMENT TO PREVIOUS LETTER."

**Request No. 7**: **All Documents and Communications relating to any letter You sent in 2024 or 2025 regarding Petitioner.**

In response, you claim that Mr. Mkrtchyan "is already in possession of documents responsive to" this request.

First, as you know, you sent the above-referenced undated letter about Mr. Mkrtchyan to President Mirziyoyev in 2024. This request requires you to produce this letter and all documents and communications related to it, including but not limited to communications in which you (1) were asked to write this letter or otherwise discussed writing it, (2) discussed this letter or its content with others or engaged others to assist you in writing it, and (3) sent copies of it to others after it was written.

This request also requires you to produce other letters you, your Companies, and others working on behalf of you or your Companies wrote about Mr. Mkrtchyan in 2024 and 2025, and any communications and documents relating to those letters. Again, the subpoenas command the production of anything held by you or other persons or entities within their scope, including but not limited to anyone working on behalf of you or your Companies.

# Arnold & Porter

July 23, 2025
Page 5

     Finally, your belief regarding what documents Mr. Mkrtchyan may already possess is not relevant to your obligations under the subpoenas to produce all responsive documents and communications.

* * *

     As stated above, your document production under the subpoenas is now overdue. Please provide all responsive documents no later than July 28. We reserve all rights, including the right to seek our costs, expenses, and attorneys' fees incurred in connection with enforcement of these subpoenas, and to ask the Court to impose contempt and sanctions under applicable law, if responses are not forthcoming promptly.

     Please contact me if you have further questions.

Sincerely,

Ryan Hartman