IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 4:25-mc-1122<br>Hon. Judge Lee H. Rosenthal |
| OVIK MKRTCHYAN,<br>　　　　　　　Petitioner<br>v.<br>STEPHEN P. PAYNE, SR., LINDEN STRATEGIES, LLC, LINDEN ENERGY, LLC, LINDEN ENERGY HOLDINGS, INC. & AMERICAN LNG SERVICES, LLC,<br>　　　　　　　Respondents. |  |

**PETITIONER OVIK MKRTCHYAN'S OPPOSITION TO
RESPONDENTS' MOTION FOR IN-CAMERA REVIEW**

Respondents' motion for in-camera review (ECF No. 16-18) should be denied because it has no basis in law or fact, improperly attempts to revive long-waived objections, and disregards their obligations under subpoenas and this Court's order. If Respondents do not promptly produce all withheld documents, the Court should hold them in contempt and award Petitioner his attorneys fees in enforcing the Court's order.

**I.　NATURE AND STAGE OF THE PROCEEDING**

In June 2025, Petitioner Ovik Mkrtchyan filed an application for an order permitting him to serve subpoenas pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign legal proceedings. *See* ECF 2, Memo of Law in Support of Application. His application arose from an

ongoing campaign by persons around the world to injure him by unlawful means, first by engineering his illegal detention in Uzbekistan for three months, and then by disseminating false and disparaging information about him. *Id.* at 1. Respondent Stephen Payne and his companies joined this campaign in mid-2024 when Payne sent a false and disparaging letter to the President of Uzbekistan that closely tracked allegations made by other participants in the campaign against whom Mkrtchyan is now pursuing claims. *Id.* at 1-2, 7-11. After Respondents failed to respond to the subpoenas, Mkrtchyan filed a motion to compel.

On September 2, the Court granted Mkrtchyan's motion to compel production of documents from Respondents. ECF No. 12. The Court set the deadline for Respondents to produce "***all*** documents and information responsive to the subpoenas" to September 23. *Id.* at 2 (emphasis added). On September 22 and 23, Respondents produced a total of 175 pages of documents. *See* ECF Nos. 14 & 15. Respondents did not inform undersigned counsel whether their production was complete or whether any documents were withheld and on what ground. Nor did Respondents serve a privilege log (even though their deadline for doing so had long passed). Instead, on September 24, one day after Respondents' production was due, Respondents filed their motion for in-camera review of responsive documents that they had withheld, asserting that "[t]he documents at issue contain [sic] concern diplomatic relations between the United States and a foreign government." ECF No. 16 at 2.[1]

---

[1] Seven minutes *after* filing the motion, Respondents' counsel emailed the undersigned to confer on the already-filed motion, in violation of the local rules. *See* Ex. 1. Respondents' counsel later represented that the motion "was filed early in error" and that he "corrected it with the Clerk's Office." *Id*. Respondents later re-filed the motion, labeling it as "opposed." ECF No. 17. A week later, they filed an amended motion (ECF No. 18) that deletes the "Legal Standard" section and vaguely adds, without evidence, that someone has been "threatened." ECF No. 18, at 2.

**II.     STATEMENT OF ISSUES TO BE RULED ON BY THE COURT**

<u>Issue No. 1</u>: Whether Respondents' request for in-camera review of documents should be denied.

In-camera review of documents is generally disfavored. *PHE, Inc. v. Department of Justice*, 983 F.2d 248, 252 (D.C. Cir. 1993). The Supreme Court has long held that a district court should not "review[] documents *in camera* solely because the [party] begged it to do so." *United States v. Zolin*, 491 U.S. 554, 571 (1989) (cleaned up); *see also CFE Int'l LLC v. Schnaas*, No. CV H-22-3385, 2023 WL 6702486, at *10 (S.D. Tex. Oct. 12, 2023) (Rosenthal, J.) ("Conducting an in camera review is not appropriate merely because a party requests the district court undertake the endeavor.") (quotation marks omitted). Courts have made clear that in-camera review is not a substitute for a party's obligation to justify its withholding of documents. *Lykins v. United States Dep't of Just.*, 725 F.2d 1455, 1463 (D.C. Cir. 1984). And in-camera review does not replace the adversarial testing of the claimed privileges and protections. *Wiener v. Federal Bureau of Investigation*, 943 F.2d 972, 979 (9th Cir. 1991).

Thus, a party seeking in camera review of withheld materials bears a heavy burden to demonstrate that this extraordinary procedure is warranted. The party must "provide a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection for their disclosure, including submitting detailed affidavits and other evidence to the extent possible." *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7 (N.D. Tex. 2021). "Where there is a sufficient evidentiary showing that an issue exists regarding application of a privilege," the Court has discretion to determine whether an in camera review is appropriate. *Id.* at 22.

<u>Issue No. 2</u>: Whether Respondents should be held in contempt and ordered to compensate Mkrtchyan for his attorneys' fees if they do not immediately produce withheld documents.

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see*

3

*also Am. Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (civil contempt proceedings are appropriate to "coerce the defendant into compliance with the court's order" or "compensate the complainant for losses sustained"). The Court has "discretion to award attorneys' fees … in enforcement of its decrees." *Cook v. Ochsner Foundation Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977).

### III.   ARGUMENT

#### A.   The Court Should Deny Respondents' Motion for In Camera Inspection

##### i.   Respondents Failed To Meet Their Heavy Burden Of Showing Why In-Camera Review Is Appropriate

Respondents do not even come close to carrying the heavy burden outlined above for in camera review. Respondents do not claim any cognizable privilege. Nor could they, since the documents in question are clearly not privileged and in any event, any such claim has long been waived, as explained in more detail below. And Respondents offer just three conclusory sentences for their justification for in-camera review:

- "During discovery, Respondents have identified documents responsive to Petitioner's requests that contain information that may implicate the safety and security of persons associated with Respondents as well as persons associated with the government of Uzbekistan."

- "Public disclosure, or disclosure outside of judicial review, could compromise security protocols and endanger those individuals, one of whom received what could be perceived as a threat when recently traveling in the Middle East area."

- "The documents at issue contain concern diplomatic relations between the United States and a foreign government."

ECF No. 16 at 1-2. A week later, Respondents then alleged in their amended motion that "One person has already been threatened with regard to these matters." ECF No. 18 at 2.

These barebones assertions, unsupported by any evidence, do not justify in-camera review. Respondents speculate that withheld documents "*may* implicate the safety and security of persons

4

associated with Respondents," ECF No. 16 at 1, but Respondents fail to explain *what* type of documents are at issue, *how* those documents implicate the security of persons associated with Respondents, and *who* those "associated" persons are, among other necessary factual details. *See In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) ("It should go without saying that the court should never be required to undertake in camera review unless the parties have first properly asserted privilege/protection, then provided sufficient factual information to justify the privilege/protection claimed for each document, and, finally, met and conferred in a good faith effort to resolve any disputes without court intervention.").

Moreover, Respondents' assertion that the responsive documents in question "concern diplomatic relations between the United States and a foreign government" make no sense. Respondents do not engage in foreign relations on behalf of the United States. The subpoenas ask Respondents to produce documents related to a private individual (Mkrtchyan) and the campaign organized against him, his family, and his businesses. Respondents have failed to explain how the requested documents could have anything to do with the United States' diplomatic relations.[2]

Respondents initially stated that they "are prepared to brief this issue more thoroughly if necessary." ECF No. 16 at 2. A week later, they filed an amended motion that deleted the "legal standard" section of the motion and acknowledged that "Respondents recognize that this is an extraordinary request with little governing precedent." ECF No. 18, at 2. But Respondents had every opportunity to present evidence and arguments to the Court supporting this request. Respondents should not be allowed a *fifth* bite at the apple after (1) failing to object to the

---

[2] Respondents inexplicably state that, "[t]here is also pending a challenge to the appointed arbitrator in a related dispute involving Respondent and Petitioners, pending before the International Centre for Dispute Resolution." ECF No. 16 at 2. Respondents do not explain how this supports their request. Regardless, on October 7, 2025, the ICDR Administrative Review Council denied this challenge to the arbitrator. Ex. 2.

subpoenas, (2) promising to produce all responsive documents, (3) failing to respond to a motion to compel, (4) failing to appear at this Court's hearing on that motion, and (5) failing to support their arguments here (see pages 7-9 below).

Moreover, Respondent Payne's "privilege log" (*see* Ex. 3)—which he provided only on October 2 at the repeated insistence of undersigned counsel and never filed with the Court—makes clear that Respondents' assertions that the documents "concern diplomatic relations between the United States and a foreign government" or implicate the safety of particular individuals are meritless. The log claims that 11 of 12 documents allegedly implicate safety, but a simple review of the descriptions belies that characterization. For example, PAYNE_000193-000200 apparently consists of emails sent by Respondent Payne to his associate Logan Somera and Mkrtchyan's counsel in another matter (John Bellinger). The notion that disclosing those same documents to Mkrtchyan now in the context of this § 1782 proceeding would endanger unspecified individuals' safety and security is entirely unsupported. Similarly, PAYNE-000181 apparently consists of a page from the U.S. Congressional Record. That is a publicly-available document, and there is no basis for Respondents' claim that disclosing it in this proceeding presents any risk to individuals associated with Respondents or the government of Uzbekistan or would interfere with U.S. diplomatic relations.[3]

Moreover, Respondents' stated objection to producing the disparaging letter Payne had sent to the President of Uzbekistan is particularly problematic. That disparaging letter and other related documents are at the core of this § 1782 proceeding and are mentioned repeatedly in

---

[3] Further illustrating the frivolous nature of Respondents' asserted bases for withholding documents, Respondent Payne has withheld a communication from Tom Shannon and Mr. Bellinger to President Mirziyoyev on the ground of attorney/client privilege. *See* PAYNE_000184-85. But the document is plainly not privileged. Among other reasons, Mr. Shannon and Mr. Bellinger have no attorney-client relationship with Respondent Payne or President Mirziyoyev.

support of Mr. Mkrtchyan's application. ECF No. 2 at 1, 8, 11. It is impermissible for Respondents to sit on these documents for months—only to now raise a belated, unsupported, and nebulous objection to producing these documents that were clearly at the center of this proceeding.

In sum, Respondents cannot meet their heavy burden of showing that in-camera review of the documents is necessary, and the Court should deny their motion. *Zolin*, 491 U.S. at 571; *CFE Int'l LLC*, 2023 WL 6702486, at *10; *Lykins*, 725 F.2d at 1463; *Wiener*, 943 F.2d at 979.

### ii.  Respondents Waived Objections to the Subpoenas Long Ago and Cannot Revive Them Through A Request for In-Camera Review

Respondents' request is particularly improper because the proper vehicle for asserting relevance, privilege, or other objections would have been an objection to the subpoenas. Respondents never did so, and indeed at no time before filing the instant motion had Respondents suggested that the document requests intruded on any privilege; rather, they promised to produce all responsive documents. Respondents have accordingly long waived any objections to the subpoenas and are now estopped from making them, either in-camera or otherwise.

Respondents' opportunity to object to the subpoenas was July 3, 2025, 14 days after Mkrtchyan served them on June 19. *See* Fed. R. Civ. P. 45(d). Respondents did not do so. Instead, on July 22—19 days after objections were due, one day after the production was due, and following a call and letter from undersigned counsel—Respondent Payne provided a single, one-page document and deficient written responses. Respondent Payne did not provide a privilege log. The corporate Respondents did not respond at all. By failing to object to the subpoenas by July 3, Respondents waived any such objections, as explained in Mkrtchyan's motion to compel. *See* ECF No. 8 at 17.

Nor did Respondents object in the three months that followed. To the contrary, after undersigned counsel inquired on July 23 about deficiencies in Respondents' response, Payne

7

replied on July 28. Payne copied attorney Brian Ettinger—a member of the bar of this Court—and represented the following:

> I have copied Brian Ettinger who you may remember from the initial communications between us on the arbitration matter. **I am in the process of engaging his firm on this 'London' matter and his firm will do a thorough search of our records in order to get you what was requested.**
>
> Brian will reach out to you shortly to coordinate the timing for the record search and **get you the requested information**.

ECF No. 8-6 at 3-4 (emphasis added). On July 29, Ettinger acknowledged receipt of the email and did not dispute his client's instructions. *Id.* at 2.

On August 8, with Respondents having provided no further responses, Mkrtchyan moved this Court to compel Respondents to produce documents, ECF No. 8, served a courtesy copy of the motion and supporting documents by email on Payne's attorney Ettinger, and personally served the motion and supporting documents on Respondents by August 12, ECF No. 10. If Respondents believed that the subpoenas intruded on privileged or protected information, they might have made that argument in an opposition to the motion to compel. But Respondents never responded to Mkrtchyan's motion to compel, ignoring the deadline to do so set forth by the local rules, nor did they appear at the September 2 hearing the Court convened on that motion. *See* ECF No. 11. The Court granted the motion to compel and ordered Respondents to produce all the subpoenaed documents by September 23, 2025. *Id.*

One day *after* the Court-ordered deadline for Respondents to produce documents, Respondents filed their motion for in-camera review, arguing for the first time that responsive documents may implicate the safety of "associated" individuals and U.S. diplomatic relations. ECF No. 16 at 1. These objections are untimely and have long been waived. Respondents' counsel argues that "[t]he gravity of these issues became more apparent to counsel only in the past couple

8

days." *Id.* at 2. The Court should not credit that assertion. The documents are Respondents' own documents, and Respondents have been aware of their obligation to produce them and Mkrtchyan's interest in these documents since Mkrtchyan served the subpoenas on June 19.

The Court should not reward a subpoena recipient who strings opposing counsel along for months by representing they would produce all requested documents, only to say otherwise after *multiple* deadlines for production have elapsed. *See Batson v. Neal Spelce Assocs., Inc.*, 112 F.R.D. 632, 646 (W.D. Tex.), *aff'd*, 805 F.2d 546 (5th Cir. 1986) (failure to "timely assert an objection to production" and "numerous promises, without reservation, to produce the requested materials . . . clearly waiv[e]" any objections); *see also* ECF No. 8 at 10-11, 17. Respondents should have raised any objections months ago, and they should not be permitted to revive these long waived objections through a late-breaking request for in-camera review.

### B. The Court Should Hold Respondents in Contempt and Require Them to Pay Mkrchyan's Attorneys' Fees if They Do Not Immediately Produce Documents They Are Withholding

The Court's September 2 order stated that, "[i]f any Respondents do not comply with th[e] order, Petitioner shall advise the Court, which will convene a show cause hearing at which it may hold those Respondents in contempt, impose sanctions (including but not limited to payment of Petitioner's attorneys' fees and expenses incurred in bringing the Motion or otherwise enforcing the Subpoenas), or grant any appropriate relief to Petitioner." ECF No. 12 at 2.

As described above, Respondents have failed to comply with both a subpoena and the Court's September 2 order: rather than produce documents as ordered, Respondents waited until a day after the Court's production deadline to file a motion for in-camera review that lacks factual and legal basis, and without even conferring with undersigned counsel.

Moreover, Respondents' untimely privilege log underscores their refusal to comply with the subpoenas and this Court's order. The log indicates that Respondents withheld 11 documents

that Payne sent to President Mirziyoyev. But Payne has never explained why these documents were not disclosed or listed on a privilege log sooner. Payne's disparaging letters to President Mirziyoyev are at the core of Mkrtchyan's § 1782 request, *see* ECF 2, at 8, 10-11, and these documents have been in Payne's possession from the outset.

Critically, the "log" clearly does not list all withheld documents. For example, while the log indicates that Payne has withheld a letter Payne sent to the President of Uzbekistan on August 24, 2024 (PAYNE_000191 - PAYNE_000192), Payne has failed to log any documents or communications relating to the preparation and circulation of that letter, the genesis of it, or the factual basis for it.

Mkrtchyan respectfully asks that if Respondents do not immediately produce the remaining responsive documents that they are withholding, that they be held in contempt and required to compensate Mkrtchyan for his attorneys' fees, as requested below. *Shillitani*, 384 U.S. at 370; *Am. Airlines Inc.*, 228 F.3d 585; *Cook*, 559 F.2d 272.

## IV. CONCLUSION

For these reasons, the Court should deny Respondents' motion for in-camera review. If Respondents do not immediately produce the remaining responsive documents that they are withholding, including but not limited to those on their log, Mkrtchyan asks that Respondents be held in contempt and required to compensate him for his attorneys' fees in responding to their motion and participating in any contempt proceedings, in an amount to be determined by the Court.

Dated: October 8, 2025

Respectfully submitted,

/s/ *Ryan P. Hartman*
Ryan P. Hartman (Attorney-in-Charge)
Tex. Bar 24050727 / S.D. Tex. Bar 608056
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755
Telephone: (713) 576-2438
Email: Ryan.Hartman@arnoldporter.com

*Attorney for Petitioner Ovik Mkrtchyan*

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, I filed this brief by ECF, which served a copy on all counsel of record who have appeared.

/s/ *Ryan P. Hartman*
Ryan P. Hartman