# Exhibit 1

# Arnold & Porter

**Ryan Hartman, Partner**
+1 713.576.2438 Direct
Ryan.Hartman@arnoldporter.com

October 12, 2025

**VIA E-MAIL**

Michael J. Wynne
Gregor Wynne Arney, PLLC
4265 San Felipe, Suite 700
Houston, Texas 77027
mwynne@gwafirm.com

Brian Ettinger
Law Office of Brian Ettinger, PLLC
16360 Park Ten Place, Suite 115
Houston, Texas 77084
brian@brianettinger.com

Re: No. 4:25-mc-1122, *In re Mkrtchyan*, in the United States District Court for the Southern District of Texas

Dear Counsel:

I write again regarding the subpoenas served on your clients Stephen Payne, Linden Strategies, LLC, Linden Energy, LLC, Linden Energy Holdings, Inc., and American LNG Services, LLC (collectively, "Respondents") on June 19, 2025. As you know, on September 2, the Court issued an order compelling Respondents to produce "***all*** documents and information responsive to" the subpoenas by September 23. ECF No. 12 (emphasis added). As you are also aware, on October 9, the Court held a hearing and denied Respondents' motion for in-camera review of certain documents. ECF No. 22.

The Court's order denying Respondents' motion for in-camera review also states that "if Respondents do not comply ***fully*** with this Court's order of September 2, 2025 (the 'Original Order'), by 5:00 p.m. on the first business day after this order is entered"—*i.e.*, on Monday, October 13—"by producing ***all documents and information*** responsive to the subpoenas referenced in the Original Order, the Court will promptly convene a hearing at which (1) Respondents shall show cause why they should not be held in contempt and (2) the Court will determine any appropriate compensatory award of attorneys' fees to Petitioner for enforcing the Court's Original Order and award any other relief as appropriate." ECF No. 23 (emphasis added).

After reviewing Respondents' document production from Friday, October 10, I once again notify you that your clients' production to date is incomplete and deficient, as previously outlined in my September 24 letter. For example, Respondents' production:

**Arnold & Porter**

October 12, 2025
Page 2

- Does not include the full set of documents and communications related to Mr. Payne's undated 2024 letter to Shavkat Mirziyoyev about Mr. Mkrtchyan titled "AMENDMENT TO PREVIOUS LETTER."

- Does not include the full set of documents and communications with Joe Fleming and Straife, with whom Mr. Payne clearly coordinated and discussed the undated 2024 letter.

- Does not include responsive documents from other messaging platforms beyond Mr. Payne's email (e.g., text messages, WhatsApp, Signal, Telegram), despite Mr. Payne's frequent use of such platforms for communications.

- Does not reflect the full set of responsive documents and communications between Respondents and Thomas Rowley. Among other things, the communications with Mr. Rowley refer to other, unproduced communications, to "screenshots" that Mr. Payne had sent him, to questions that Mr. Rowley asked that do not have answers from Mr. Payne included, and to Mr. Payne's effort to provide Mr. Rowley with "unnamed sources feeding [him] information."

- Does not include the full set of responsive documents and communications between Respondents and other individuals (*e.g.*, the individuals that Mr. Payne offered to feed information to Mr. Rowley, including unnamed "uzbeks").

- Does not contain responsive documents from Respondents' other employees, such as Logan Somera. For example, Respondents apparently assert that their communications with Representative Hunt's office relate to Mr. Mkrtchyan, but their production does not include any responsive communications between Mr. Somera and his contacts on Representative Hunt's staff.

- Does not reflect what Respondents apparently assert is the full set of communications with them relating to United Cement Group ("UCG") and Ulugbek Shadmanov. For example, according to Mr. Payne's undated letter and his comments to Mr. Rowley, one of the reasons he claims to have sent his undated letter is that, in "looking back through [his] records," he understood that Uktam Aripov asked Respondents to take certain actions regarding UCG and/or Mr. Shadmanov before Mr. Mkrtchyan was imprisoned. However, the documents produced do not include these communications or other records.

Your clients must produce all responsive documents and information by 5:00 p.m. on Monday, October 13, otherwise I will have no choice but to seek relief from the Court, including the relief outlined in its recent order.

# Arnold & Porter

October 12, 2025
Page 3

                                          Sincerely,

                                          Ryan Hartman