United States District Court
Southern District of Texas
**ENTERED**
January 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 4:25-mc-1122<br>Hon. Judge Lee H. Rosenthal |
| OVIK MKRTCHYAN,<br>               Petitioner<br>v.<br>STEPHEN P. PAYNE, SR., LINDEN STRATEGIES, LLC, LINDEN ENERGY, LLC, LINDEN ENERGY HOLDINGS, INC. & AMERICAN LNG SERVICES, LLC,<br>               Respondents. |   |

## ORDER GRANTING
## PETITIONER'S MOTION FOR CONTEMPT

The Court has considered Petitioner Ovik Mkrtchyan's Motion for Contempt, any supplements thereto, Respondents' responses, the argument of counsel, and the Court's file in this matter.

On June 18, 2025, the Court granted Petitioner's Application under 28 U.S.C. § 1782 (ECF No. 1) per the Court's order (ECF No. 7) and for the reasons stated in Petitioner's Memorandum of Law and accompanying declarations (ECF Nos. 2-6). Petitioner thereafter issued subpoenas to each Respondent (ECF No. 8-1). Thereafter, Petitioner filed a Motion to Compel, which the Court granted on September 2, 2025 (ECF No. 12). On October 9, 2025, the Court denied Respondents'

Motion for In Camera Inspection and again ordered them to comply with the subpoenas (ECF No. 23).

The Court finds that Respondents have not complied fully with the subpoenas and the Court's orders dated September 2, 2025 (ECF No. 12) and October 9, 2025 (ECF No. 23), despite their knowledge of these orders. The Court therefore finds that further measures are necessary to coerce compliance, and hereby ORDERS that:

(1) Petitioner's Motion is **GRANTED**;

(2) Respondents Stephen P. Payne and his companies, Linden Strategies, LLC, Linden Energy, LLC, Linden Energy Holdings, Inc., and American LNG Services, LLC (collectively, "Respondents") are held in CONDITIONAL CONTEMPT of this Court's September 2, 2025 and October 9, 2025 Orders;

(3) Respondents may purge the contempt by complying with those orders, producing all paper and electronic documents in their possession, custody, or control responsive to the subpoenas issued by Petitioner in this matter;

(4) this compliance shall specifically include, but is not limited to, producing the following:

   a. all documents and communications related to the August 2024 letter titled "AMENDMENT TO PREVIOUS LETTER" referenced in Petitioner's Memorandum (ECF No. 2 at 8);
   b. all responsive documents and communications with Straife LLC or Joe Fleming, including but not limited to responsive messages between Respondents or their officers, directors, agents, employees, or representatives, on one hand, and Straife LLC or Joe Fleming, on the other hand;
   c. all responsive communications between Respondent Payne and Logan Somera, or among any other officers, directors, agents, employees, or representatives of any or all of the Respondents;

    d. all responsive documents and communications from other messaging platforms beyond Payne's email such as WhatsApp, Signal, Telegram, and text messages; and

    e. all responsive documents and communications between Respondents and Thomas Rowley.

*[handwritten: The documents must be delivered to Mr. Hartman's Houston Office no later than January 12, 2026, 5:00 p.m. CST.]*

(5) if Respondents fail to comply with paragraphs (3)-(4) of this Order, a fine is herewith imposed on Respondent Payne beginning on the third (3) calendar day after this Order is entered, in the amount of $5,000.00 per calendar day payable to this Court and continuing for each calendar day until the contempt is purged, and that this fine shall be increased to $10,000.00 per calendar day beginning on the tenth (10) calendar day after this Order is entered;

(6) the daily fine will cease to accrue further once and if Respondents comply with paragraphs (3)-(4) of this Order.

(7) Respondents pay, jointly and severally, any expenses, costs, and attorneys' fees incurred by Petitioner that shall be determined by the Court after Petitioner submits his itemized damages to the Court within fourteen (14) days of this Order.

**SO ORDERED** on *January 9*, 2025

                                                        Lee H. Rosenthal
                                                      United States District Judge