# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 4:25-mc-1122<br>Hon. Judge Lee H. Rosenthal |
| OVIK MKRTCHYAN,<br>                  Petitioner<br>v.<br>STEPHEN P. PAYNE, SR., LINDEN STRATEGIES, LLC, LINDEN ENERGY, LLC, LINDEN ENERGY HOLDINGS, INC. & AMERICAN LNG SERVICES, LLC,<br>                  Respondents. | |

**AGREED ORDER GRANTING MOTION FOR FORENSIC EXAMINATION**

In consideration of Petitioner and Respondents' agreement on entry of this order and the Court's file in this matter, the Court hereby ORDERS a forensic examination under the protocol below:

(1) Within three business days of entry of this order, Petitioner shall identify to Respondents three proposed companies (the "Proposed Examiners") to conduct a forensic examination of Respondents' electronic devices. The Proposed Examiners shall be companies that confirm that they are not currently working for Petitioner or Respondents. The Proposed Examiners shall have at least one person on their staff who

holds an active U.S. top secret security clearance at whose direction the forensic examination will be conducted. Petitioner shall identify that person to Respondents.[1]

(2) Within three business days of Petitioner identifying the Proposed Examiners, Respondents shall select one (the "Examiner") and inform Petitioner of their selection.

(3) Within three business days of the selection, Respondents shall deliver to the Examiner all mobile phones that were used by Respondent Payne at any point during the period from September 1, 2023, forward. The Examiner shall promptly create forensic images of those phones and return the phones to Respondents.

(4) The Examiner shall attempt to retrieve from the forensic images any documents, communications, or other active or deleted data (collectively, "Data") that the Examiner concludes may be responsive to the four subpoenas (including the more specific subset of responsive documents identified in the January 9, 2026, order in this matter), using search terms and methods that the Examiner deems appropriate for a thorough forensic examination and search. The relevant time for responsiveness shall continue to be September 1, 2023, through September 1, 2025. Petitioner and Respondents may propose search terms to the Examiner, but the Examiner retains

---

[1] The parties do not contend that documents on the devices require this security clearance for review as a matter of U.S. law. Rather, this requirement was included at the request of Respondents to provide assurance that the review is occurring at the direction of someone with experience managing confidential information.

discretion to conduct the forensic examination and search in the manner it considers proper.[2]

(5) The Examiner shall thereafter promptly deliver all the potentially responsive Data and other findings to counsel for Respondents for a privilege review.

(6) Within 14 calendar days of this delivery, Respondents shall provide to the Examiner and Petitioner a privilege log for any Data over which Respondents assert privilege. The Examiner and Respondents shall then promptly release to Petitioner any Data and findings provided by the Examiner that are not listed on the log. Should there be any dispute over privilege, the parties may seek relief from the Court if they are unable to resolve the dispute.

(7) Within seven business days after the later of (a) delivery of the non-privileged Data and findings, or (b) resolution of any privilege dispute, Petitioner shall submit a filing to this Court addressing: whether the Examiner located additional materials responsive to the subpoenas that were not previously produced by Respondents, whether Respondents have purged their contempt, and if so, when. If the parties disagree over this submission, Respondents may respond to it within five business days, and Petitioner may reply within three business days. The Court will then rule on whether Respondents have purged the contempt and the date on which this occurred. Unless

---

[2] For example, the Examiner may choose to conduct customary examination confirming whether the phones appear to be the operative devices associated with Respondent Payne in the relevant period and data does not appear to have been tampered with.

otherwise ordered by the Court at that time, the Examiner shall then promptly return the original forensic images to Respondents and shall not keep a copy.

(8) Petitioner shall bear the Examiner's reasonable fees and expenses in conducting the examination.

(9) Petitioner and Respondents may agree to change any deadlines in this order that do not impact the Court by a signed written agreement between their counsel.

(10)    If it turns out that the search of the phones under the process set out above does not yield from an objective perspective significant additional material information that might support Petitioner's allegations, that is, if the affidavits Respondents submitted on or about January 12, 2026, turn out to have been substantively accurate, Respondents' contempt will be deemed to have been purged that day and no additional fine will be deemed to have accrued. In any event, upon completion of the process set out above, the finding of contempt shall be considered to be purged.

**SO ORDERED** on February _____, 2026.

_____
Lee H. Rosenthal
United States District Judge